UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-21570

RUDY RIFE,

    Plaintiff,

vs.

FRONTON HOLDINGS, LLC
d/b/a CASINO MIAMI and
DAVE JONAS,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGES

Plaintiff, Rudy Rife, on behalf of himself and other similarly situated, sues Defendants, Fronton Holdings, LLC d/b/a Casino Miami and Dave Jonas, for overtime wages owed to him that Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), as follows:

*Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Rudy Rife**, was and is a resident of Monroe County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants. Mr. Rife consents to participate in this lawsuit. [DE 1-1.]

2.     **Defendant, Fronton Holdings, LLC**, is a Massachusetts for-profit Limited Liability Corporation that does business as Casino Miami and conducts its for-profit business in

1

Florida, and it is *sui juris*. It maintains a place of business here, in Miami-Dade County, Florida, where it employed and was obligated to pay Mr. Rise.

3.  **Defendant, Dave Jonas**, was and is the president, Chief Operating Officer (CEO) and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He lives and works in Miami-Dade County, Florida.

4.  Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

5.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain a principal place of business and/or live in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

### *Background Facts*

6.  Defendants engaged in interstate commerce in the course of their legalized gambling business at all times material to this action. They offer food, beverages, alcoholic beverages, gambling through slot machines and poker, concerts, boxing, and related amenities which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000 at all times relevant to this lawsuit.

2

7. Defendants own and operate Casino Miami, an entertainment facility that offers food, beverages, alcoholic beverages, gambling through slot machines and poker, wagering, concerts, boxing, and related amenities using vehicles, slot machines, beverage dispensers, POS machines, computers, computer networking equipment, furniture, closed circuit television and surveillance equipment, handheld radios, cellular telephones, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

8. Plaintiff worked for Defendants from November 2012 to April 4, 2016 at different positions within the security department of Casino Miami. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

9. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his using cellular telephones, handheld radios, closed circuit surveillance, computers, computer monitors, and other goods and supplies that moved through interstate commerce.

10. Defendants agreed to pay Plaintiff at an hourly rate of pay for all time worked by agreeing to pay him at different rates of pay at different periods of time that included $14.00 per hour as a Supervisor from 2013 to 2015, $15.00 per hour as a Supervisor in 2015, $18.00 per hour as an "Assistant Manager" since about April of 2015, and then at the rate of $21.00 per hour as an "Assistant Manager". While classified as a "Supervisor" and/or as an "Assistant Manager", Plaintiff's pay would be capped (and would not exceed) his hourly rate of pay multiplied by 40 hours per week.

3

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

11. Whenever Defendants spoke with Plaintiff about his rate of pay, they would inform him that he would be getting a raise in his hourly rate of pay, which would then translate to an increase into his annual pay based upon his receipt of the hourly rate of pay for 40 hours per week.

12. While Plaintiff worked as a "Supervisor" in the security department for Defendants, he was required to punch in and out and routinely worked over 40 hours in a workweek. Those who worked as "Supervisors" in other departments (other than security) for Defendants were subject to the same requirements and pay policies as Plaintiff.

13. When Plaintiff worked as an "Assistant Manager" in the security department for Defendants, he was required to punch in and out and routinely worked over 40 hours in a workweek. Those who worked as "Assistant Managers" in other departments (other than security) for Defendants were subject to the same requirements and pay policies as Plaintiff.

14. Regardless of the title that Defendants gave to Plaintiff and their other employees, Defendants would not pay Plaintiff or the others classified as "Supervisors" or "Assistant Managers" at his/their hourly rate of pay hours of work if he/they worked less than 40 hours in a workweek. Instead, Defendants would only pay him/them for the actual hours worked if he worked less than 40 hours in a workweek.

15. The class of similarly situated employees employed by Defendants who may become Plaintiffs in this action are current and former employees of Defendant who held the position of "Supervisor" and/or "Assistant Manager" whom Defendants paid an hourly rate of pay and/or salary, who had their pay reduced when they worked less than 40 hours a week, and who did not receive overtime pay for working over 40 hours in a workweek.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

16. The class of similarly situated sales employees employed by Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

17. Defendants paid Plaintiff according to the same pay practice that it applied to its other employees who, like Plaintiff, received an hourly wage that did not exceed computation at 40 hours per week (or even a salary), but who had their pay reduced when they worked less than 40 hours a week, and who did not receive overtime pay for working over 40 hours in a workweek.

18. Plaintiff performed the same type of work under the same procedures, rules, and regulations, as a class of Defendants' other similarly situated employees.

19. Ultimately, Defendants failed and refused to pay Plaintiff and their other similarly situated current and former employees overtime wages calculated at time and one-half of his/their regular rate of pay for all hours worked over 40 hours in a given workweek.

20. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

21. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

### *Nature of Liability*

22. Defendants willfully and intentionally refused to pay Plaintiff and their other similarly situated employees wages at a rate of time and one-half his/their regular rate of pay for each of the overtime hours worked during the relevant time period.

23. Defendants either recklessly failed to investigate whether their failure to pay an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff and their other similarly situated

5

employees to believe that Defendants were not required to pay his overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff and their other similarly situated employees of the overtime pay he earned.

24. Plaintiff and their other similarly situated employees are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Rudy Rife, on behalf of himself and others similarly situated, demands the entry of a judgment in his favor and against Defendants, Fronton Holdings, LLC d/b/a Casino Miami and Dave Jonas, jointly and severally, after trial by jury and as follows:

a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings at the earliest opportunity so that Plaintiff can send notice to all similarly situated employees of Defendant who worked as "Supervisors" or "Assistant Managers" for Defendants for the past three years;

b. That the named Plaintiff and all class members who opt in recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

c. That Plaintiff and the class recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendant be Ordered to make the Plaintiff and all class members who opt in whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

6

e.   All interest allowed by law; and

f.   Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 3rd day of May, 2016.

                Respectfully Submitted,

                FAIRLAW FIRM
                *Counsel for Plaintiff*
                8603 S. Dixie Highway
                Suite 408
                Miami, FL 33143
                Tel:   305.230.4884
                Fax:   305.230.4844

                s/*Brian H. Pollock, Esq.*
                Brian H. Pollock, Esq.
                Fla. Bar No. 174742
                brian@fairlawattorney.com

7

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com