# Exhibit A

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between RUDY RIFE, ANGEL LUIS FERNANDEZ, JOSEPH RAYMOND ROSALES and YUMAY RODRIGUEZ GARCIA and all of their agents, successors, heirs, and assigns (collectively referred to as "Plaintiffs"), FRONTON HOLDINGS, LLC, along with its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its and their past and present owners, officers, directors, shareholders, franchisees, members, employees, consultants, agents, insurers, attorneys, and assigns (collectively referred to as "the Company"), and DAVID JONAS ("Jonas"). This Agreement shall be effective upon execution by all parties and Court approval. The Plaintiffs, the Company and Jonas shall be jointly referred to as the "Parties."

### Recitals

**WHEREAS**, Plaintiffs were at one time employed by the Company; and

**WHEREAS**, Plaintiffs are seeking damages against the Company and Jonas under the Fair Labor Standards Act for alleged unpaid wages in the case styled *Rudy Rife v. Fronton Holdings, LLC d/b/a Casino Miami and Dave Jonas*, Case No.: 1:16-cv-21570-LENARD/GOODMAN, currently pending in the United States District Court for the Southern District of Florida ("the Litigation"); and

**WHEREAS**, the Company and Jonas deny all allegations and dispute all claims raised by Plaintiffs; and

**WHEREAS**, Plaintiffs, the Company and Jonas desire to compromise, finally settle, and fully release any and all claims Plaintiffs have against the Company and Jonas raised in the Litigation; and

**NOW, THEREFORE**, in consideration of the mutual promises and covenants between the Parties, the sufficiency of which is hereby acknowledged, Plaintiffs, the Company and Jonas hereby agree to the following Terms and Conditions:

### Terms and Conditions

1. All of the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. Upon execution of this Agreement, the Parties agree to jointly file a motion requesting that the Court approve this Agreement and enter an order dismissing with prejudice the claims by Plaintiffs against the Company and Jonas in the pending Litigation. If required by the Court, the Parties agree that this Agreement will be submitted to the Court for review and will be subject to Court approval.

3. In consideration for Plaintiffs' execution of this Agreement, the Company agrees that, within fourteen (14) days from the date the Court approves this Agreement, it will:

A. Pay Rudy Rife the gross amount of Four Thousand Four Hundred Sixty-One Dollars and Six Cents ($4,461.06), less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims Mr. Rife may have made against the Company and Jonas for alleged unpaid wages. This amount will be reported on a Form W-2 issued to Mr. Rife;

B. Pay Rudy Rife the gross amount of Four Thousand Four Hundred Sixty-One Dollars and Five Cents ($4,461.06), to resolve any and all claims Mr. Rife may have against the Company and Jonas for liquidated damages (provided that Mr. Rife has first provided the Company's counsel with an executed IRS Form W-9). This amount will be reported on a Form 1099 issued to Rife;

C. Pay Angel Luis Fernandez the gross amount of Four Hundred Seventy-Eight Dollars and Eighty-One Cents ($478.81), less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims Mr. Fernandez may have made against the Company and Jonas for alleged unpaid wages. This amount will be reported on a Form W-2 issued to Mr. Fernandez;

D. Pay Angel Luis Fernandez the gross amount of Four Hundred Seventy-Eight Dollars and Eighty-One Cents ($478.81), to resolve any and all claims Mr. Fernandez may have against the Company and Jonas for liquidated damages (provided that Mr. Fernandez has first provided the Company's counsel with an executed IRS Form W-9). This amount will be reported on a Form 1099 issued to Mr. Fernandez;

E. Pay Joseph Raymond Rosales the gross amount of Four Thousand Four Hundred Seventy-Three Dollars and Twenty-Eight Cents ($4,473.28), less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims Mr. Rosales may have made against the Company and Jonas for alleged unpaid wages. This amount will be reported on a Form W-2 issued to Mr. Rosales;

F. Pay Joseph Raymond Rosales the gross amount of Four Thousand Four Hundred Seventy-Three Dollars and Twenty-Eight Cents ($4,473.28), to resolve any and all claims Mr. Rosales may have against the Company and Jonas for liquidated damages (provided that Mr. Rosales has first provided the Company's counsel with an executed IRS Form W-9). This amount will be reported on a Form 1099 issued to Mr. Rosales;

G. Pay Yumay Rodriguez Garcia the gross amount of Four Thousand Eighty-Six Dollars and Eighty-Five Cents ($4,086.85), less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims Ms. Garcia may have made against the Company and

Jonas for alleged unpaid wages. This amount will be reported on a Form W-2 issued to Ms. Garcia;

H. Pay Yumay Rodriguez Garcia the gross amount of Four Thousand Eighty-Six Dollars and Eighty-Five Cents ($4,086.85), to resolve any and all claims Ms. Garcia may have against the Company and Jonas for liquidated damages (provided that Ms. Garcia has first provided the Company's counsel with an executed IRS Form W-9). This amount will be reported on a Form 1099 issued to Ms. Garcia;

I. Pay Plaintiffs' attorneys, Fairlaw Firm, (EIN #            ), the amount of Twenty-Seven Thousand Dollars and No Cents ($27,000.00), to resolve any and all claims Plaintiffs may have made against the Company and Jonas for attorneys' fees and costs. This amount will be reported on a Form 1099 to be issued to Plaintiffs and a Form 1099 issued to the FairLaw Firm.

4. Plaintiffs hereby agree, represent and warrant that Plaintiffs shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to the payments under Section 3 of this Agreement, and that Plaintiffs will fully satisfy all taxes, liens, and assignments which may arise as a result of their receipt of the settlement payments. With respect to those payments under Section 3 for which a W-2 shall issue, the Company shall make applicable deductions based on the W-4 currently on file for each Plaintiff unless he or she provides an updated W-4 to the Company at the time of execution of this Agreement. Plaintiffs represent that they are not subject to any garnishment or wage deduction order, including but not limited to any order for the payment of child support.

5. Plaintiffs agree that absent their agreement to the provisions of this Agreement they are not otherwise entitled to the payments described above and that the payments described above are not substitutes for anything to which they are otherwise entitled. Plaintiffs affirm that they have been paid and/or have received all compensation, wages, bonuses, commissions, benefits and any other monies due and owing to Plaintiffs resulting from their employment with the Company. Plaintiffs further state that this settlement fully resolves all of their attorneys' fees and costs arising from the Litigation.

6. The Parties agree and acknowledge that there has been no undue influence, overreaching, collusion or intimidation in reaching the settlement described herein and that the settlement was reached voluntarily and after full consultation with the Parties' respective counsel.

7. Plaintiffs have consulted with an attorney prior to executing this Agreement about the terms and conditions of this Agreement. Plaintiffs agree that they have signed this Agreement knowingly, voluntarily, and after such other consultation as they thought appropriate.

8. In further consideration for the payments described above:

A. Plaintiffs generally release, satisfy and forever discharge the Company and Jonas of and from all actions, claims and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq.*, which Plaintiffs ever had, now have or may have against the Company and Jonas.

B. Plaintiffs represent that, with respect to the claims they are waiving, they are waiving not only their right to recover money or other relief in any action that they might institute under the Fair Labor Standards Act, but they are also waiving their right to recover money or other relief in any action that might be brought on their behalf by any other person or entity including the U.S. Department of Labor ("DOL").

C. Plaintiffs, on behalf of themselves, their heirs, executors, administrators, and assigns, knowingly and voluntarily waive, release and discharge the Company and Jonas from any and all claims, known and unknown, that Plaintiffs have or may have against the Company and Jonas as of the date of execution of the Agreement. This release is comprehensive and includes any claim that Plaintiffs could assert against the Company or Jonas based upon acts or omissions that occurred, or that could be alleged to have occurred, before Plaintiffs execute this Agreement. This release is intended to be as comprehensive as can be conceived and as the law will allow, and includes but is not limited to claims raised or that could have been raised in the Litigation and claims based on, among other things: negligent or intentional tortious conduct; express or implied contract; covenants of fair dealing and good faith; wrongful discharge; the Family and Medical Leave Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act; the Employee Retirement Income Security Act of 1974; the Americans with Disabilities Act of 1990; the Worker Adjustment Retraining and Notification Act; the Age Discrimination in Employment Act, the Florida Civil Rights Act; Florida's Whistleblower Act; any other federal or state common law or federal, state or local laws, ordinances, or regulations; any other public policy, contract, tort or common law theory; or any statutory or common law principle allowing for the recovery of fees or other expenses, including claims to attorneys' fees. This release does not apply to any claims that cannot be released as a matter of law, such as those that arise after the date Plaintiffs execute this Agreement or claims for ERISA plan benefits or administrative charges of discrimination (although Plaintiffs release any right to monetary recovery in connection with such a charge).

D. If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Company or Jonas is a party.

4

    E.    As to Fernandez only, Fernandez understands this Agreement is a binding contract and that he has twenty-one (21) days to review this Agreement and decide whether to sign it and that, after he signs it, he has a period of seven (7) days to revoke it.

9. Plaintiffs affirm that, except for the Litigation, they have not filed with any governmental agency or court, any type of action against the Company or Jonas. Plaintiffs understand and agree that if any action is brought by a third party with regard to the claims and causes of action released in this Agreement, they will not accept any payments or monetary relief relating to any such claims or causes of action. Yumay Rodriguez Garcia further agrees to withdraw her Charge of Discrimination against the Company filed with the U.S. Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

10. Plaintiffs agree that, unless they are compelled to do so by law, they will not disclose to any other person any information regarding the existence or substance of this Agreement, except that they may discuss the terms of this Agreement with their tax advisor, or an attorney with whom Plaintiffs choose to consult regarding their consideration of this Agreement, provided that any such individual agrees to keep that information strictly confidential and disclose it to no other person. Plaintiffs affirm that they have not made any prior disclosures that, if made after signing this Agreement, would have violated this obligation of confidentiality. Plaintiffs further agree that they will not initiate or participate in any discussion or communication concerning or relating to their employment with the Company, the termination of that employment, and/or the Litigation. If, and only if, another person asks Plaintiffs about the Litigation and/or their claims against the Company or Jonas, their response shall be limited to the following statement: "I've dropped it, and don't want to talk about it." In addition, Plaintiffs agree not to disparage or say or write negative things about the Company, its officers, directors, agents, or employees, or Jonas. Plaintiffs understand that the confidentiality of this Agreement and this non-disparagement provision are important parts of the consideration they are giving to the Company and Jonas in this Agreement and for which the Company and Jonas are making the Settlement Payment. Notwithstanding the foregoing, Plaintiffs understand that they retain the right to communicate with any federal, state or local government agency, including but not limited to the EEOC, NLRB, DOL, DOJ, SEC and FCHR, and that this communication can be initiated by them or can be in response to the government's inquiry to them. Plaintiffs acknowledge that nothing in this paragraph prohibits them from testifying truthfully in court, during any legal proceeding, or during any government or regulatory investigation, or from cooperating with or making truthful disclosures to any government agency.

11. As further consideration for the payments described above, Plaintiffs agree that, because of circumstances unique to them (including their irreconcilable differences with the Company), they are not qualified for re-employment with the Company now or in the future and promise that they will not apply for or accept future employment with the Company; and that in the event they do apply for such employment with the Company, the Company may reject their application legitimately and lawfully solely because they breached this promise. Plaintiffs further agree that if they become employed by the Company without having obtained a written waiver of this provision from an officer of the Company, they will resign their employment with the Company when asked to do so in writing by an officer of the Company. Plaintiffs also agree

not to visit Company property located at Casino Miami, 3500 NW 37th Avenue, Miami, Florida 33142. The Company shall provide a neutral reference (dates of employment, position and rate of pay) upon a Plaintiff's authorization to release such information to a prospective employer.

12. The Parties agree that each party shall be responsible for their own costs and attorneys' fees in connection with this Agreement except as set forth in this Agreement. However, the Parties reserve any and all rights to enforce the terms of this Agreement. If any lawsuit is brought to enforce or interpret the terms of this Agreement, the prevailing party in such action or proceeding shall be entitled to recover its costs of court, including all reasonable attorneys' fees at all trial and appellate levels, in addition to any other relief to which such prevailing party may be entitled.

13. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, substantive, procedural and remedial, notwithstanding any conflict of laws analysis to the contrary. The Parties further agree that the proper venue for any dispute is Miami-Dade County, Florida.

14. No party has relied upon any representations or statements made by any other party hereto which are not specifically set forth in this Agreement.

15. Plaintiffs, the Company and Jonas acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein.

16. This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Company or Jonas.

17. In addition to having the opportunity to negotiate this Agreement, before signing it, Plaintiffs have been advised to consult with, and have in fact consulted with, their attorney to obtain advice about their rights and obligations under this Agreement. Plaintiffs represent that they have carefully read this Agreement and find that it has been written in language that they understand. Plaintiffs have been given a reasonable period of time to consider whether to accept this Agreement, and have signed it only after reading, considering and understanding it. If Plaintiffs sign this Agreement before the expiration of the reasonable period of time, they are expressly waiving their right to consider the Agreement for any remaining portion of that reasonable period.

18. The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect.

19. This Agreement may only be amended in writing signed by Plaintiffs, the Company and Jonas.

20. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

21. This Agreement shall not be construed against the Company or Jonas by reason of the fact that they were responsible for the drafting of this Agreement or any provision of this Agreement.

I have read the foregoing Settlement Agreement, and I accept and agree to the provisions contained herein.

**PLAINTIFFS FURTHER STATE AND AGREE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT; THAT THEY HAVE HAD IT REVIEWED BY THEIR ATTORNEY; THAT IT HAS BEEN FULLY EXPLAINED TO THEM BY THEIR ATTORNEY; THAT THEY FULLY UNDERSTAND ITS FINAL AND BINDING EFFECT; THAT THE ONLY PROMISES MADE TO THEM TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT; THAT THEY HAVE HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THE AGREEMENT; AND THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING THE COMPANY AND JONAS OF ANY AND ALL CLAIMS.**

_____
RUDY RUIZ
Date: 12/20/16

_____
ANGEL LUIS HERNANDEZ
Date: 12/16/16

_____
JOSEPH RAYMOND MORALES
Date: 12/20/16

_____
YUMAY RODRIGUEZ GARCIA
Date: 12/20/16

7

**FRONTON HOLDINGS, LLC**

By: _____

Typed Name: Gevork Khachatrian

As: VP Finance & Administration

Dated: 12/16/16

_____

**DAVID JONAS**

Dated: 12/16/16